UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES – GENERAL

Case No.     2:24-cv-03718-MEMF-AJR                                   Date: September 12, 2024

Title     *Jose Arciga v. Skanska Traylor Shea JV et al*

Present: The Honorable:     Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  Minute Order re Voluntary Dismissal [ECF No. 16]**

The present action was removed to this Court on May 3, 2024. ECF No. 1 ("NOR"). The underlying complaint includes class claims and individual claims. *See* ECF No. 1-2. On August 27, 2024, the parties filed a Joint Stipulation for Dismissal. ECF No. 16 ("Stipulation"). At the time the parties filed their Stipulation, no class had been certified.

Under Federal Rule of Civil Procedure 41(a)(1)(A), parties may dismiss an action via stipulation, subject only to the limits of Rule 23(e) and other rules with no application here. *See* Fed. R. Civ. P. 41(a)(1)(A). This right to dismiss via stipulation is "absolute" and generally not subject to Court review. *See Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993) (holding that in a non-class action, Rule 41(a)(1) gives plaintiffs an "absolute right" to dismiss via stipulation without leave of the court). Rule 23(e), in its current form, mandates that claims of a "certified class" or "a class proposed to be certified for purposes of settlement" may only be settled with the court's approval. *See* Fed. R. Civ. P. 23(e). But Rule 23(e) provides no limitations on settlements of non-certified classes. *See id.; see also* § 1797 Settlement, Voluntary Dismissal, or Compromise of Class Actions—Purpose and Scope of Rule 23(e), 7B Fed. Prac. & Proc. Civ. § 1797 (3d ed.) ("[T]he 2003 amendments [to Rule 23] make clear that Rule 23(e) only applies to the 'claims, issues, or defenses of a certified class.' Thus, settlements or voluntary dismissals that occur before class certification are outside the scope of subdivision (e).") Absent any limitations in Rule 23(e), the parties' absolute right to dismiss pursuant to Rule 41(a)(1)(A) applies. *See* Fed. R. Civ. P. 41(a)(1)(A).[1]

---

[1] In *Diaz*, the Ninth Circuit held that Rule 23(e) "applies before certification." *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408. But *Diaz* did not consider the current language of Rule 23(e), which clearly limits the rule's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    2:24-cv-03718-MEMF-AJR                                    Date: September 12, 2024

Title    *Jose Arciga v. Skanska Traylor Shea JV et al*


For the above reasons, the Court thus GRANTS the parties' Stipulation and dismisses the action
in its entirety. All individual claims are DISMISSED WITH PREJUDICE, while any putative
class claims are DISMISSED WITHOUT PREJUDICE. The parties will bear their own
attorneys' fees and costs.


                                                                            :

                                    **Initials of Preparer**        DBE


---

application to certified classes or classes that will be certified for purposes of settlement. *See id.*; *see also* Fed. R.
Civ. P. 23(e).

---